UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**BRENT MICHAEL LABORDE**                **CIVIL ACTION**

**VERSUS**                               **NUMBER 11-544-JJB-DLD**

**SGS NORTH AMERICA, INC.**

### ORDER

This matter is before the court on a referral from the district court of the following motions:

1. Defendant's motion to compel (rec.doc. 29);
2. Plaintiff's motion to compel (rec.doc. 31); and
3. Defendant's motion for extension of time to serve Captain David Scruton's expert report (rec.doc. 43).

### *Background*

Plaintiff filed this maritime action for injuries he suffered while assigned as a deckhand and crewmember of the M/V HELEN-G on April 26, 2011. At the time of the alleged injury, plaintiff states that he was attempting to move some "heavy spools or coils of" rope, and thereafter allegedly sustained an injury to his lower back. (rec.docs. 1, 10) Defendant disputes any claims of negligence, unseaworthiness, and plaintiff's right to recover maintenance and cure for his alleged injury.

### *Defendant's Motion to Compel*

Defendant seeks to compel plaintiff to execute two written authorizations for medical records, one from plaintiff's physician, and one from plaintiff's employer, American Electric Power Service Corporation ("AEP"). With regard to the medical authorization from plaintiff's

physician, plaintiff states that defendant had not previously requested this authorization and in any event, the authorization was provided very shortly after the motion to compel was filed.

With regard to the medical authorization to AEP, plaintiff states that a written authorization for the medical records kept in his employment record was not executed because of the waiver of liability language contained within the authorization or release form. Plaintiff contends that defendant has AEP's employment records, and any dispute regarding the waiver of liability language is a dispute between AEP and defendant.

Neither party has cited to any law or statute in support of its differing positions concerning the AEP waiver of liability release; however, it is within the court's discretion to set parameters regarding discovery, and in this case, the court finds that the language in the waiver is overbroad, especially as AEP should not be in possession of plaintiff's actual medical records, but perhaps may have possession of notes regarding his medical condition, if there were any, and those notes would be part of the employment record and not the medical records. Further, as defendant is in receipt of the AEP employment records and the medical records from plaintiff's physician, any such medical information kept by AEP in plaintiff's personnel file would be cumulative and duplicative. The court therefore determines that plaintiff does not have to execute a medical authorization with respect to AEP's records, and the motion to compel will be denied in this regard.

### *Plaintiff's Motion to Compel*

Plaintiff contends that he requested that defendant supplement its responses to the interrogatories and three sets of requests for production of documents, but that the supplemental responses were not forthcoming. (rec.doc. 31)

With regard to the interrogatories, plaintiff complains that defendant did not provide the name, address, telephone number, employer, and job title of each person providing answers, and further failed to describe the employee benefits provided to plaintiff, along with the monthly and annual costs of same. (Interrogatories Nos. 1 and 22) A review of defendant's answers to Interrogatory No. 1 reveals that this information was provided, and plaintiff has not stated what is insufficient about the answer. With regard to Interrogatory No. 22, defendant states in its opposition that the information was provided on August 20, 2012, and defendant has agreed to waive any timeliness objection to any supplemental economic expert report produced by plaintiff which includes this information. (rec.doc. 34) The court therefore deems defendant's answers to the interrogatories sufficient.

With regard to the six requests for production of documents, plaintiff argues that since defendant did not say its responses were "full and complete," defendant may be withholding documents because defendant voiced blanket objections that the requests were overly broad and unduly burdensome. The court will order defendants to supplement its responses to the requests for production to state affirmatively whether all responsive documents have been produced.

The court notes that plaintiff also requests that this court order defendant to verify under oath its answers to interrogatories, and while the courts are divided as to whether an attorney can verify interrogatory answers for a corporate entity, courts in the Fifth Circuit have determined that a Rule 33(b) verification is required of the corporate entities, signed under oath by an authorized representative of the corporate entity and not by its counsel. *See, e.g., Entergy Louisiana Inc., v. National Union Fire Ins. Co.*, 1999 WL 239511, *2


(E.D. La. 1999); *Roberson v. Seacor Marine, LLC*, 2007 WL 2081996, *2 (E.D. La. 2007). The court therefore will order that defendants provide plaintiff with a sworn verification.

### *Defendant's Motion for Extension of Time*

Defendant requested an extension of two business days to submit Captain Scruton's expert report, due to the effects from Hurricane Issac, multiple attempts to submit the report to plaintiff's counsel, and an email received from plaintiff's counsel which objected to the untimely report. (rec.doc. 43) The court finds merit in defendant's request and will grant the motion.

Accordingly,

**IT IS ORDERED** that defendant's motion to compel is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel is **GRANTED** only to the extent that, within fourteen (14) days, defendant shall supplement its responses to the requests for production as indicated, and shall provide plaintiff with a sworn verification to the answers to interrogatories.

**IT IS FURTHER ORDERED** that defendant's motion for an extension of time to submit its expert report is **GRANTED**.

Signed in Baton Rouge, Louisiana, on October 25, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**